FILED
DECEMBER 14, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BRAL CORPORATION,<br>an Ohio corporation, | )<br>)<br>) | |
| Plaintiff, | )<br>) | Case No. |
| vs. | )<br>)<br>) | **07 C 7029** |
| CMN COMPONENTS, INC.,<br>an Illinois corporation, | )<br>)<br>) | Jury Demanded |
| Defendant. | )<br>) | JUDGE GETTLEMAN<br>MAGISTRATE JUDGE DENLOW |

## COMPLAINT

Bral Corporation, an Ohio corporation ("Bral"), complains against CMN Components, Inc., an Illinois corporation ("CMN"), as follows:

### PARTIES, JURISDICTION AND VENUE

1.  Bral is an Ohio corporation with its principal place of business at 2610 North Park Avenue in Warren, Ohio. Bral's business includes but is not limited to the importation and machining of metal products utilized in the railroad industry.

2.  CMN is an Illinois corporation with its corporate headquarters at 2130 Spencer Road in New Lennox, Illinois. CMN designs, engineers and supplies railcar component parts.

3.  This Court has jurisdiction over this controversy pursuant to 28 U.S.C. § 1332(a)(1), in that this is a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

4.  Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(a)(1) because CMN resides within this judicial district.

## FACTS

5. Johnstown America Corporation ("Johnstown") holds the patent on the MegaFlo™ door system which is an innovative discharge door system for coal-carrying railcars that opens automatically to allow for the quick and efficient offloading of the cargo. The AutoFlood II™ and AutoFlood III™ aluminum hopper cars are built with the MegaFlo™ door system. Johnstown utilizes certain castings in the manufacture of the MegaFlo™ systems installed on the AutoFlood II™ and AutoFlood III™ Hopper railcars.

6. Bral entered into an Exclusive Supply Agreement with Johnstown on or about May 1, 2004, which provides that Bral is the <u>exclusive and sole provider</u> of certain AutoFlood II™ and AutoFlood III™ castings (the "Exclusive Parts") that Johnstown requires in the manufacture of the Megaflo™ systems. A true and accurate copy of the Exclusive Supply Agreement (the "Agreement") is attached to the Complaint as **Exhibit A**. Bral arranged production capacity and granted Johnstown a reduction in pricing as part of the consideration for Johnstown fulfilling all of its requirements for the Exclusive Parts solely from Bral and in accordance with the terms of the Agreement. Pursuant to the terms of the Agreement, Johnstown provides to Bral a six-month projection of its requirements for the Exclusive Parts and places orders in line with those projections.

7. On or about May 10, 2004, Bral and Johnstown entered into the First Amendment to Exclusive Supply Agreement. A true and accurate copy of the First Amendment to Exclusive Supply Agreement (the "First Amendment") is attached to the Complaint as **Exhibit B**. The First Amendment provides that Johnstown may independently develop a relationship with another manufacturer under limited circumstances and to a very restricted degree, for post-agreement purposes only. Johnstown may develop a relationship with another manufacturer or supplier in the following manner only: (a) developing and/or supplying tooling for the

manufacture of Exclusive Parts, (b) inspecting and sampling Exclusive Parts and components produced or supplied by the alternate manufacturer or supplier, and (c) testing of the Exclusive Parts provided by the alternate manufacturer or supplier on not more than five (5) AutoFlood II™ and AutoFlood III™ railroad cars in total.

8. On or about December 6, 2004, Bral and Johnstown entered into the Second Amendment to Exclusive Supply Agreement. A true and accurate copy of the Second Amendment to Exclusive Supply Agreement (the "Second Amendment," referred to with the First Amendment as the "Amendments") is attached to the Complaint as **Exhibit C**. The Second Amendment extended the term of the Agreement to December 31, 2007 (the "Termination Date").

9. CMN knew of the Agreement between Bral and Johnstown and of the prices at which Bral had agreed to sell castings to Johnstown.

10. CMN actively solicited Johnstown to purchase the castings from CMN with full knowledge that Johnstown was required to order all of its castings from Bral for a specified term. In doing so, CMN offered castings to Johnstown at prices below those that had been agreed to by Bral and Johnstown with the intent that such lower prices would induce Johnstown to breach its contract with Bral.

11. On information and belief, Johnstown began ordering and purchasing castings for use in the manufacture of AutoFlood II™ and AutoFlood III™ railroad cars from CMN within months of Bral and Johnstown executing the Agreement. CMN imported and shipped no less than 3,884 sets of CMN Violating Parts to Johnstown during the period from June 2004 through November 2007.

12. On information and belief, Johnstown has installed CMN Violating Parts on no less than 5,000 railcars it has built since the execution of the Agreement and has compiled a substantial inventory of CMN Violating Parts.

## COUNT I

13. Bral incorporates by reference the statements and allegations previously set forth in its Complaint as if fully rewritten here.

14. The Agreement evidences a valid and binding contractual relationship between Bral and Johnstown. CMN knew of the Agreement and its exclusive dealing provisions no later than June 2004.

15. Despite CMN's knowledge of the exclusive nature of the Agreement, it intentionally interfered with the Agreement without justification by wrongfully interposing itself into the relationship between Bral and Johnstown and inducing Johnstown. This wrongful interference caused Johnstown to breach its Agreement with Bral. In breach of the Agreement, Johnstown has significantly reduced the size of its purchase orders from Bral because it is also receiving CMN Violating Parts directly from CMN and is utilizing them on the railcars it is manufacturing.

16. CMN's actions were undertaken with the intent to injure Bral's business.

17. CMN's intentional tortious interference with the exclusive Agreement between Bral and Johnstown has caused Bral substantial injury in excess of $75,000, in an amount to be determined at trial.

WHEREFORE, Bral demands judgment against CMN as follows:

    A. Compensatory and incidental damages in an amount to be determined at trial resulting from the tortious interference by CMN with the contractual relationship between Bral and Johnstown.

B.  Punitive damages, attorneys' fees and legal costs as a result of CMN's intentional tortious conduct.

C.  Such other and further relief as this Court finds just, equitable and appropriate.

**BRAL CORPORATION**

By: /s/ Richard P. Darke
    One of its Attorneys

Richard P. Darke (ARDC #6255810)
rpdarke@duanemorris.com
Duane Morris LLP
227 West Monroe St., Suite 3400
Chicago, IL 60606
(312) 499-6700
(312) 499-6701 (fax)

and

Mark A. Phillips (0047347)
mphillips@bfca.com
Tamara L. Karel (0078942)
tkarel@bfca.com
BENESCH, FRIEDLANDER,
  COPLAN & ARONOFF LLP
2300 BP Tower
200 Public Square
Cleveland, Ohio 44114
(216) 363-4500
(216) 363-4588 (fax)

## JURY DEMAND

Plaintiff, Bral Corporation, hereby demands a trial by jury on all issues so triable herein, by the maximum number of jurors permitted by law.

/s/Richard P. Darke
*Counsel for Bral Corporation*

## CERTIFICATE OF FILING

I, Richard P. Darke, an attorney, certify that on December 14, 2007, I caused the foregoing document to be electronically filed with the Clerk of the Court, using the Court's CM/ECF system. Parties may access this filing through the Court's system.

/s/ Richard P. Darke

Richard P. Darke (ARDC #6255810)
rpdarke@duanemorris.com
Duane Morris LLP
227 West Monroe St., Suite 3400
Chicago, IL 60606
(312) 499-6700
(312) 499-6701 (fax)

and

Mark A. Phillips (0047347)
mphillips@bfca.com
Tamara L. Karel (0078942)
tkarel@bfca.com
BENESCH, FRIEDLANDER,
　COPLAN & ARONOFF LLP
2300 BP Tower
200 Public Square
Cleveland, Ohio 44114
(216) 363-4500
(216) 363-4588 (fax)

*Counsel for Plaintiff, Bral Corporation*