IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BRAL CORPORATION, an Ohio corporation, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.  07 C 7029 |
| CMN COMPONENTS, Inc., an Illinois corporation, | ) ) ) | Judge Gettleman |
| | ) | Magistrate Judge Denlow |
| Defendant. | ) | |

## DEFENDANT'S MOTION FOR EXTENSION OF TIME TO ANSWER OR OTHERWISE PLEAD

Defendant, CMN Components, Inc., moves for an extension of time to answer or otherwise plead as follows:

1. Defendant was personally served in this matter on January 8, 2008, so that its answer is due by January 28, 2008.

2. The undersigned has only recently been retained as counsel for the Defendant and will need additional time to investigate the relevant facts and to complete the legal research necessary to prepare an answer and affirmative defenses or to otherwise plead.  In addition, this case presents highly unusual circumstances, which lead the Defendant to respectfully suggest a status conference to determine whether or not this case will become moot, and because some of the current issues may soon become clearer based on certain events taking place in Pennsylvania over which the Defendant has no control.

## Nature of the Case

3.  Plaintiff, Bral Corporation (sometimes hereinafter "Bral"), has filed a one count complaint (hereinafter "the Complaint") alleging tortious interference with an existing contract between Bral and Johnstown America Corporation (hereinafter "Johnstown")[1], represented by a document entitled Exclusive Supply Agreement and two amendments (hereinafter collectively referred to as "the Agreement").  A copy of the Complaint, including its exhibits, is hereto attached as Exhibit 1.  Plaintiff purports to provide a complete copy of the Agreement, including its two amendments, as Exhibits A through C to the Complaint.  (Exhibit 1, ¶¶6 through 8)

## Background of This Case

4.  Plaintiff and Defendant are both corporations whose businesses include supplying parts used in the railroad industry.  (Exhibit 1, ¶¶1 and 2)

5.  Plaintiff claims that pursuant to the Agreement, it was to be the exclusive provider to Johnstown of certain castings from May 1, 2004, through December 31, 2007.  These parts are referred to in the Complaint as the Exclusive Parts.  (Exhibit 1, ¶6)

6.  Plaintiff alleges that Defendant knew of the Agreement and "offered castings" to Johnstown at prices lower than those offered by Bral, thereby inducing Johnstown to breach the Agreement.  (Exhibit 1, ¶10)

## Parallel Claim for Breach of Contract Being Negotiated in Pennsylvania and Which Must Be Filed in the Western District of Pennsylvania If the Claim Does Not Settle

---

[1] Johnstown is now known as FreightCar America, Inc.  For consistency and convenience, it will be referred to as "Johnstown" throughout this pleading.

2

7. It is axiomatic that a breach of an existing contract is a necessary element of tortious interference with an existing contract. *See, e.g., Israel v. National Canada Corp.* 276 Ill. App. 3d 454, 464 (1st Dist. 1995).

8. Section 22 of the Agreement provides as follows:

> **Governing Law; Jurisdiction.** This Agreement shall be governed, enforced and construed in accordance with the laws of the Commonwealth of Pennsylvania, without regard to its conflict of laws doctrine. The parties hereby submit to the exclusive jurisdiction of, and waive any venue objections against, the United States District Court for the Western District of Pennsylvania (or any court of the Commonwealth of Pennsylvania located in such district) in any litigation arising out of this Agreement. Each party hereby waives any objection that it may now or hereafter have to the laying of venue of any such proceeding in any court in the Commonwealth of Pennsylvania and any claim that it may now or hereafter have that any such proceeding in any court in the commonwealth of Pennsylvania has been brought in any inconvenient forum.

9. The undersigned has been informed and believes that as early as August, 2007, Bral sent Johnstown a draft complaint alleging breach of the above contract and threatening to sue Johnstown for that breach if the claim could not be settled. The undersigned has also been advised that Bral and Johnstown have been in negotiations since that time, and that mediation has been scheduled for March 10, 2008, in the Pittsburgh area. If the mediation is successful, this case may become moot

10. Alternatively, if the contract dispute on which this case hinges is not amicably resolved, a breach of contract action can be expected against Johnstown in the Western District of Pennsylvania in accordance with the above forum selection provision.

**Issues**

11.     That this action was commenced in the Northern District of Illinois while negotiations to resolve the breach of contract claim are continuing in Pennsylvania gives rise to several issues, which are briefly summarized below:

(a)     <u>Subject-matter Jurisdiction</u> – If the contract dispute is settled, this case should become moot.  If a breach of contract action is filed, whether or not Plaintiff can establish a breach of contract – a necessary element of this cause of action –  would be decided in a another court and could result in a judgment making it impossible for Plaintiff to state a claim in this case.  When a claim depends on the outcome of some other lawsuit, it does not come into existence until the action on which it is based has terminated so that there is not yet a case or controversy as required by Article III of the U.S. Constitution.  *See, e.g., Cipa Manufacturing v. Allied Golf,* 1995 U.S. LEXIS 7604.  (That case dealt with a counter-claim, but the principles of law are the same.  A copy of the *Cipa* opinion is attached as Exhibit 2.)

(b)     <u>Rule 19 Dismissal</u> – Johnstown may be a necessary party under Rule 19(a), but if it were joined, venue here would be improper by virtue of the forum-selection clause.  Hence Johnstown would have to be dismissed.  (Rule 19(a) states in part: "If the joined party objects to venue and joinder of that party would render the venue of the action improper, that party shall be dismissed from the action.")  Rule 19(b) would then require dismissal of the entire action.

(c)     <u>Duplicative, parallel litigation</u> – It would not be proper to have duplicative litigation on the issue of breach of contract to take place in this Court and in the Western District of Pennsylvania.

(d) <u>Venue</u> – The above forum selection clause and the relevant Johnstown facilities being located in Pennsylvania raise the possibility that venue may be more appropriate in Pennsylvania if the case should not be dismissed as premature or duplicative or pursuant to Rule 19.

12. In addition to the preliminary procedural concerns, there are significant substantive issues, which would have to be addressed in the initial pleadings. These include the following:

(a) <u>Rule 12(b)(6) Dismissal</u> – It is the opinion of the undersigned that the Complaint does not state a claim for which relief can be granted, and that a motion to dismiss under Rule 12(b)(6) would be appropriate.

(b) <u>Counter-claim</u> – Initial investigation indicates that, in the event it becomes necessary to answer, a Counter-claim for tortious interference with prospective economic advantage would be filed. However, additional investigation would still be necessary.

**Reasons for Request**

13. As noted, if the contract dispute between Johnston and Bral settles, this controversy may quickly become moot. If it is necessary to respond, there are several, serious issues which will need to be properly researched and presented to the Court. In the event that an answer is necessary, additional investigation would be in order to properly prepare an anticipated counter-claim.

**Discussions with Plaintiff's Counsel**

14. On January 28, 2008, the undersigned spoke with counsel for the Plaintiff, Richard Darke, and asked if he would be willing to consent to holding this case in abeyance until shortly after March 10, 2008, to determine if the mediation would be successful, and Mr. Darke declined to give his consent.

Mr. Darke did, however, advise that he would not object to a request for additional time to answer or otherwise plead until February 22, 2008.

### Relief Requested

16.     This motion is brought in good faith and not for the purpose of delay.

WHEREFORE, Defendant prays as follows:

A.     That any defaults, technical or otherwise, be vacated;

B.     That this matter be held in abeyance until shortly after March 10, 2008, or such time as deemed reasonable by this Court, and that a status conference be scheduled at or about that time; or

C.     In the alternative, that Defendant be allowed until February 22, 2008, or until such time as deemed fair and reasonable by this Court to answer the Complaint herein or to otherwise plead; and

D.     That Defendant may have such additional relief as this Court deems appropriate.

Respectfully submitted,

CMN COMPONENTS, Inc.

By: _/s/James R. Dashiell_____
      One of its attorneys

James R. Dashiell
Dashiell Law Offices, LLC
Attorneys for the Defendant
10 S. LaSalle St., Suite 3500
Chicago, IL 60603
312-920-9118
6182044

## INDEX OF EXHIBITS

**Exhibit 1** – The Complaint, including exhibits A through C to the Complaint; and

**Exhibit 2** – *Cipa v. Allied Golf*