Get a Document - by Citation - 1995 U.S. Dist. LEXIS 7604    Page 1 of 7

Case 1:07-cv-07029    Document 13-5    Filed 02/22/2008    Page 1 of 7

*1995 U.S. Dist. LEXIS 7604, \**

CIPA MANUFACTURING CORPORATION, Plaintiff, v. ALLIED GOLF CORPORATION, Defendant.

No. 94 C 6574

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

1995 U.S. Dist. LEXIS 7604

May 24, 1995, Decided
June 1, 1995, DOCKETED

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiff golf club manufacturer brought a motion to strike defendant customer's affirmative defenses in an action by the manufacturer to collect an unpaid balance allegedly due for clubs supplied to the customer. The customer brought a motion for leave to file an amended answer containing revised affirmative defenses.

**OVERVIEW:** After the manufacturer brought an action to collect a balance due for clubs shipped to the customer, the customer filed an answer containing a counterclaim alleging that the manufacturer was responsible for losses it might incur as a result of a patent infringement action brought against the customer by another golf club producer. The court dismissed the counterclaim. The customer's answer also contained an affirmative defense for setoff, asserting that any amount owed to the manufacturer should be reduced by the customer's damages in defending against the patent claims. The court granted the manufacturer's motion to strike the affirmative defense, holding that the setoff claim was not an affirmative defense extrinsic to the manufacturer's claim, but was a permissive counterclaim under Fed. R. Civ. P. 13(b), which the court had previously denied. The court also denied the customer's motion to amend its answer to assert revised affirmative defenses because they involved a recoupment claim that should have been asserted as a compulsory counterclaim under Fed. R. Civ. P. 13(a). The court held that the claim was ineffective, untimely, and would unduly prejudice the manufacturer.

**OUTCOME:** The court granted the manufacturer's motion to strike the customer's affirmative defenses in an action by the manufacturer to collect an unpaid balance allegedly due for clubs supplied to the customer. The court denied the customer's motion for leave to file an amended answer containing revised affirmative defenses.

**CORE TERMS:** counterclaim, affirmative defense, setoff, lawsuit, sales contract, leave to file, compulsory counterclaim, golf clubs, permissive counterclaim, collection, modified, patent, mature, amend, patent infringement, undue delay, supplied, clarify, futile, deduct, golf, owes, unpaid balance, original answer, cause of action, properly characterized, new defense, non-infringement, straightforward, recoupment

**LEXISNEXIS(R) HEADNOTES**
Civil Procedure > Pleading & Practice > Defenses, Demurrers, & Objections > Affirmative Defenses

Get a Document - by Citation - 1995 U.S. Dist. LEXIS 7604

Case 1:07-cv-07029 Document 13-5 Filed 02/22/2008 Page 2 of 7

Page 2 of 7

Civil Procedure > Pleading & Practice > Pleadings > Counterclaims > Permissive Counterclaims
Civil Procedure > Pleading & Practice > Pleadings > Cross-Claims > General Overview
HN1 Because setoff does not destroy a plaintiff's right of action, a claim for setoff is not an affirmative defense. Instead, a claim for setoff embodies a counterdemand based on some transaction entirely extrinsic to the plaintiff's cause of action. As a result, a claim for setoff is properly characterized as a permissive counterclaim under Fed. R. Civ. P. 13(b), which by definition arises from a different transaction than the main claim.

Civil Procedure > Pleading & Practice > Pleadings > Amended Pleadings > Leave of Court
HN2 Leave to amend a party's pleadings is freely granted when justice so requires. Fed. R. Civ. P. 15(a). Leave to amend may be denied if there has been undue delay, bad faith, prejudice to the opponent, dilatory motive on the part of the opponent, or the amendment would be futile.

Civil Procedure > Pleading & Practice > Pleadings > Counterclaims > Compulsory Counterclaims
Civil Procedure > Pleading & Practice > Pleadings > Counterclaims > Permissive Counterclaims
Civil Procedure > Pleading & Practice > Pleadings > Cross-Claims > General Overview
HN3 A recoupment claim is the ancestor of the compulsory counterclaim and is properly characterized as such. Fed. R. Civ. P. 13(a).

Civil Procedure > Pleading & Practice > Defenses, Demurrers, & Objections > Affirmative Defenses
Civil Procedure > Pleading & Practice > Pleadings > Amended Pleadings > General Overview
Civil Procedure > Pleading & Practice > Pleadings > Counterclaims > Compulsory Counterclaims
HN4 Fed. R. Civ. P. 8(c) provides that when a party has mistakenly designated a counterclaim as a defense, the court may treat the pleading as a counterclaim if justice so requires.

Civil Procedure > Pleading & Practice > Pleadings > Counterclaims > Compulsory Counterclaims
Civil Procedure > Pleading & Practice > Pleadings > Cross-Claims > General Overview
HN5 A counterclaim may not be asserted if the counterclaim is not mature. This exception to the compulsory counterclaim requirement necessarily encompasses a counterclaim that depends upon the outcome of some other lawsuit and thus does not come into existence until the action upon which it is based has terminated. Moreover, a party filing a counterclaim must clearly believe that the underlying cause of action has accrued.

Civil Procedure > Pleading & Practice > Pleadings > Answers
Civil Procedure > Pleading & Practice > Pleadings > Counterclaims > Compulsory Counterclaims
Civil Procedure > Pleading & Practice > Pleadings > Cross-Claims > General Overview
HN6 Counterclaims must be asserted in a defendant's answer. Fed. R. Civ. P. 12(b). Under Fed. R. Civ. P. 13(f), a pleader who fails to plead a counterclaim in its answer may obtain leave of court when justice so requires to set up the counterclaim by amendment. Under Rule 13(f), the court has discretion to deny a defendant's motion to file a counterclaim if the defendant fails to offer an explanation for not asserting the claim in the first instance or otherwise fails to

Get a Document - by Citation - 1995 U.S. Dist. LEXIS 7604                    Page 3 of 7

Case 1:07-cv-07029    Document 13-5    Filed 02/22/2008    Page 3 of 7

explain its delay.

**COUNSEL:** [*1] For CIPA MANUFACTURING CORPORATION, plaintiff: Gregory X. Gorman, Gorman & Gorman, Chicago, IL.

For ALLIED GOLF CORPORATION, defendant: Marc William O'Brien, Deborah Gomolka Cole, Aronberg, Goldgehn, Davis & Garmisa, Chicago, IL.

**JUDGES:** Suzanne B. Conlon, United States District Judge

**OPINION BY:** Suzanne B. Conlon

**OPINION**

### MEMORANDUM OPINION AND ORDER

Cipa Manufacturing Corporation ("Cipa") sues Allied Golf Corporation ("Allied") to collect an unpaid balance allegedly due for golf clubs supplied to Allied between February 2, 1993 and July 1994. Pending before the court are Cipa's motion to strike Allied's original affirmative defense and Allied's motion for leave to file an amended answer containing amended affirmative defenses.

### BACKGROUND

In September 1994, Cipa sued Allied to collect an unpaid balance for golf clubs provided to Allied between February 1993 and July 1994. In its original answer, Allied counterclaimed for breach of warranty of non-infringement on clubs shipped between 1989 and November 1991. The basis for Allied's counterclaim was a patent infringement lawsuit entitled *Vardon Golf Company, Inc. v. Allied Golf Corporation*, 94 C 1332 (N.D. Ill. filed March 1994), which is pending before Judge Holderman. The plaintiff in *Vardon* contends that Allied sold golf clubs that infringed the plaintiff's patent (which expired on November 12, 1991). Cipa supplied Allied with some of the accused [*2] clubs at issue in *Vardon.* Allied's counterclaim alleged that if Allied were held liable for patent infringement in *Vardon*, Cipa breached its warranty of non-infringement to Allied by providing golf clubs that violated a third-party's patent. *See* 810 ILCS 5/2-312 & official comment 3.

Allied moved to dismiss the counterclaim. Because the patent issue at the heart of the counterclaim was the precise issue being litigated in *Vardon,* the court found that entertaining the permissive counterclaim here would create unnecessary duplicative litigation and unduly complicate this straightforward collection case. Accordingly, the court dismissed Allied's counterclaim without prejudice, permitting Allied to pursue the claim independently or to seek to implead Cipa in the *Vardon* action.

At the time it filed its counterclaim, Allied also filed an answer to the complaint. The answer contained an affirmative defense for setoff, asserting that any amount found owing to Cipa on its collection claim should be reduced by any damages incurred by Allied in defending against the *Vardon* patent claims. Allied's affirmative defense is substantially similar to its dismissed counterclaim.

[*3] Cipa moves to strike the affirmative defense. In response, Allied seeks leave to file an amended answer to clarify that Cipa agreed to the setoff as part of a modified "agreement" with Allied. Cipa opposes Allied's motion for leave to file the amended answer for the same

Get a Document - by Citation - 1995 U.S. Dist. LEXIS 7604    Page 4 of 7

Case 1:07-cv-07029    Document 13-5    Filed 02/22/2008    Page 4 of 7

reasons asserted in its motion to strike. Pending before the court are Cipa's motion to strike Allied's original affirmative defense and Allied's motion for leave to file an amended answer.

## DISCUSSION

### I. *Cipa's Motion To Strike Allied's Original Affirmative Defense*

Allied's original affirmative defense states that any amounts that might be found due and owing to Cipa on the sales contract between Cipa and Allied should be reduced by damages and costs incurred by Allied in defending against the patent infringement claims asserted in the *Vardon* lawsuit. Some of the *Vardon* claims allegedly involve golf clubs supplied by Cipa. In a claim for setoff, a defendant seeks to reduce its liability to the plaintiff by pleading that plaintiff owes it a debt arising out of a transaction different from that giving rise to the plaintiff's claim. *See Coplay Cement Co. v. Willis & Paul Group,* **[*4]** 983 F.2d 1435, 1441 (7th Cir. 1993). Here, Allied alleges that the amount recoverable by Cipa on the sales contract should be reduced by the amount Cipa owes Allied for expenses incurred in the *Vardon* suit. The *Vardon* suit is a wholly different transaction than the sales contract and involves a different set of golf clubs than the ones for which Cipa is attempting to collect. Thus, Allied's affirmative defense is one for setoff.

HN1 Because setoff does not destroy the plaintiff's right of action, a claim for setoff is not an affirmative defense. *See, e.g., Coplay Cement Co.,* 983 F.2d at 1440; *F.D.I.C. v. Modular Homes, Inc.,* 859 F. Supp. 117, 123 (D.N.J. 1994); *F.D.I.C. v. F.S.S.S.,* 829 F. Supp. 317, 322 (D. Alaska 1993). Instead, "[a claim for setoff] embodies a counterdemand based on some transaction entirely extrinsic to the plaintiff's cause of action; and as such it constitutes a defense only in the practical sense that it operates to reduce the remedy -- rather than the debt." *In re Johnson,* 552 F.2d 1072, 1078 (4th Cir. 1977). As a result, a claim for setoff is properly characterized as a permissive counterclaim under Federal Rule of Civil Procedure 13 (b); **[*5]** by definition, a permissive counterclaim arises from a different transaction than the main claim. *See Coplay Cement Co.,* 983 F.2d at 1440-41; *Modular Homes,* 859 F. Supp. at 123; *F.S.S.S.,* 829 F. Supp. at 322; *see also* 735 ILCS 5/2-608(a). This court has already rejected Allied's attempt to include a permissive counterclaim in this case based on the *Vardon* lawsuit. Allied's affirmative defense/counterclaim parallels its dismissed counterclaim. Accordingly, Cipa's motion to strike Allied's original affirmative defense is granted.

### II. *Allied's Motion To File An Amended Answer*

The next task is to evaluate Allied's motion to file an amended answer and affirmative defenses. HN2 Leave to amend a party's pleadings is freely granted "when justice so requires." Fed. R. Civ. P. 15(a). Nevertheless, leave to amend may be denied if there has been undue delay, bad faith, prejudice to the opponent, dilatory motive on the part of the opponent, or the amendment would be futile. *Figgie Int'l, Inc. v. Miller,* 966 F.2d 1178, 1180-81 (7th Cir. 1992).

Allied's amended "affirmative defenses" are designed to "clarify that its set-off defense goes to the heart of, and indeed **[*6]** is one of the terms of, the Cipa/Allied Agreement on which Cipa relies in its complaint." Mot. Leave File Amnd. Answer. P 4. Cipa's amended defenses assert that Cipa is suing Allied on a modified sales contract in which Cipa agreed that Allied could deduct any costs or damages incurred by Allied as a result of the *Vardon* lawsuit from the amount that Allied owes Cipa on the sales contract. Allied's amended defenses then assert that Cipa's main claim should be dismissed as "not yet ripe for adjudication" because Allied's *Vardon*-associated expenses will not be known until *Vardon* goes to trial (alleged to be more than one year away).

Allied's proposed amendment does more than "clarify" the relevance of its defense; it effects a substantial change in the nature of the defense. Instead of a setoff defense based on a

Get a Document - by Citation - 1995 U.S. Dist. LEXIS 7604

Case 1:07-cv-07029    Document 13-5    Filed 02/22/2008    Page 5 of 7

Page 5 of 7

separate transaction (the *Vardon* lawsuit), Allied's amended defense alleges a claim for setoff based on the same contract that gives rise to Cipa's collection claim. Allied essentially alleges that it may deduct an amount from Cipa's damages because of Cipa's independent covenants arising out of the *same* contract. Because Allied's "setoff" claim arises out **[*7]** of the same transaction as Cipa's claim *(i.e.,* the modified sales contract), Allied's amended defense sounds in the traditional claim of "recoupment." See *Coplay Cement Co.,* 983 F.2d at 1440; 6 Charles A. Wright, Arthur R. Miller *et al., Federal Practice & Procedure* § 1401 (2d ed. 1990). Just as a setoff claim is the ancestor of a permissive counterclaim because it is a claim based on a different transaction, HN3 a recoupment claim is the ancestor of the compulsory counterclaim and is properly characterized as such. *Id.; see* Fed. R. Civ. p. 13(a). Thus, Allied's amended affirmative defense alleges a compulsory counterclaim.

Allied mistakenly designates its compulsory counterclaim as an affirmative defense. HN4 Rule 8(c) provides that when a party has mistakenly designated a counterclaim as a defense, the court may treat the pleading as a counterclaim "if justice so requires." However, the court cannot allow Allied to amend its answer to state a compulsory counterclaim at this stage for several reasons.

First, HN5 a counterclaim may not be asserted if the counterclaim is not mature. [1] See *Carroll v. Acme-Cleveland Corp.,* 955 F.2d 1107, 1113 (7th Cir. 1992); *Burlington* **[*8]** *Northern R.R. v. Strong,* 907 F.2d 707, 712 (7th Cir. 1990); 3 James W. Moore, *Moore's Federal Practice* P 13.14[1] (2d ed. 1994 and Supp. 1995); Wright & Miller, *supra,* § 1411. "This exception to the compulsory counterclaim requirement necessarily encompasses a counterclaim that depends upon the outcome of some other lawsuit and thus does not come into existence until the action upon which it is based has terminated." Wright & Miller, *supra,* § 1411 at 82. Allied's claim depends on the outcome of the *Vardon* lawsuit, which by Allied's own admissions will not terminate for over a year. Moreover, "[a] party filing a counterclaim must clearly believe that the underlying cause of action has accrued." *Carroll,* 955 F.2d at 1113. Allied does not consider its claim against Cipa on the modified sales contract to have accrued. Allied betrays its position by urging that Cipa's collection action should be dismissed because "as the total amount that Defendant is entitled to deduct from the amounts due Plaintiff pursuant to their agreement will not be known until such time as the Vardon Litigation is fully determined, Plaintiff's claims against Defendant are not yet ripe **[*9]** for adjudication." Amnd. Aff. Def. No. 1. Because Allied does not believe its counterclaim will mature until after the *Vardon* litigation is resolved, Allied cannot assert its counterclaim now. See *Burlington,* 907 F.2d at 712; *Carroll,* 955 F.2d at 1113. Allied's motion for leave to file its amended defenses is therefore futile.

> **FOOTNOTES**
>
> [1] A counterclaim that matures after the answer is served but during the pendency of the litigation may, under some circumstances, be asserted by amendment. Fed. R. Civ. P. 13 (e).

Even assuming Allied's counterclaim were mature and Allied believed it so, *cf. Carroll,* 955 F.2d at 1113, the court could not permit Allied to file its counterclaim at this stage. As discussed above, Allied's affirmative defenses are really in the nature of a compulsory counterclaim. HN6 Counterclaims must be asserted in a defendant's answer. Fed. R. Civ. P. 12(b); *see Carroll,* 955 F.2d at 1114. Because Allied failed to assert its counterclaim in its original answer, and assuming that the counterclaim **[*10]** matured prior to that time, Allied may only file its belated counterclaim under Rule 13(f). [2] Under Rule 13(f), a pleader who fails to plead a counterclaim in its answer may obtain leave of court "when justice so requires" to set up the counterclaim by amendment.

> **FOOTNOTES**
>
> 2 The fact that Allied purports only to "amend" its timely original affirmative defense is misleading. As discussed above, Allied's amended affirmative defense substantially changes the character of its original defense from one based on separate transactions to one based on the same transaction. In doing so, Allied changes its counterclaim from one that is permissive to one that should be considered compulsory. Because Allied's "amended" defense engrafts such a fundamental factual and legal change on its original defense, its amended defense should be considered a completely new defense for all practical purposes. The original defense affords Cipa no notice of the allegations in the amended defense.

Under Rule 13(f), the court has discretion to **[*11]** deny a defendant's motion to file a counterclaim if the defendant fails to offer an explanation for not asserting the claim in the first instance or otherwise fails to explain its delay. *Carroll*, 955 F.2d at 1114; *Ralston-Purina Co. v. Bertie*, 541 F.2d 1363, 1367 (9th Cir. 1976). Allied has failed to explain its failure to assert this new "defense" earlier in the litigation. Moreover, Allied's allegations suggest that it has been aware of Cipa's alleged agreement to setoff damages from the *Vardon* lawsuit since well before Cipa began this litigation, almost eight months ago. Allied's failure to explain its long delay is fatal.

Allied's claim must also be denied because it would impermissibly prejudice Cipa and significantly delay adjudication of Cipa's claim. If Allied were allowed to file its amended affirmative defense, the court would be required to treat it as a counterclaim pursuant to Rule 8(c). Cipa would then be required to file a responsive pleading to the counterclaim, including perhaps a dispositive motion. *See* Rule 7(a). And because Allied's counterclaim injects new factual issues into the case, discovery would have to be extended and broadened to allow **[*12]** Cipa to discover evidence surrounding the purported agreement with Allied and any other relevant issues. This delay is unjustifiable in light of the fact that this case is set for trial in July. Allowing Allied to file a counterclaim at this late stage would result in an undue delay in resolving Cipa's straightforward collection claim, a delay occasioned by Allied without justification.

### *CONCLUSION*

Plaintiff Cipa Manufacturing Corporation's motion to strike defendant Allied Golf Corporation's affirmative defense of setoff is granted for the reasons stated in the court's order of January 24, 1995. Allied's motion for leave to file an amended answer is denied as futile and because of resulting undue delay and prejudice to Cipa.

ENTER:

Suzanne B. Conlon

United States District Judge

May 24, 1995

Service: **Get by LEXSEE®**
Citation: **1995 u.s. dist. lexis 7604**
View: Full
Date/Time: Sunday, January 27, 2008 - 2:59 PM EST

* Signal Legend:

Get a Document - by Citation - 1995 U.S. Dist. LEXIS 7604

Page 7 of 7

Case 1:07-cv-07029    Document 13-5    Filed 02/22/2008    Page 7 of 7

- Warning: Negative treatment is indicated
- Questioned: Validity questioned by citing refs
- Caution: Possible negative treatment
- Positive treatment is indicated
- Citing Refs. With Analysis Available
- Citation information available

\* Click on any *Shepard's* signal to *Shepardize®* that case.



About LexisNexis | Terms & Conditions | Contact Us
Copyright © 2008 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.