IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BRAL CORPORATION, an Ohio corporation, | ) | |
| | ) | |
| Plaintiff, | ) | No.  07 C 7029 |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| CMN COMPONENTS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Bral Corporation has brought a single count complaint against defendant CMN Components, Inc., alleging that defendant tortiously interfered with plaintiff's contract with Johnstown America Corp. ("Johnstown").  Defendant has moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), (6), and (7).  For the reasons explained below, defendant's motion is denied.

**FACTS**

Plaintiff Bral is engaged in, among other things, importing metal products used in the railroad industry.  Johnstown holds a patent on a MegFlow™ Door System for Coal-Carrying railcars that opens automatically for efficient off-loading of cargo.  Johnstown uses the MegFlow™ Door System on its AutoFlood II™ and AutoFlood III™ Aluminum Hopper Railcars.

Johnstown uses certain castings in its manufacture of the MegFlow™ Door System on the AutoFlood™ Hopper Railcars.  On or about May 1, 2004, plaintiff entered into an Exclusive Supply Agreement ("Agreement") with Johnstown under which plaintiff was the exclusive and sole provider of certain castings that Johnstown required in the manufacture of the MegFlow™ System.  The Agreement was amended twice.  The first amendment, entered on May 10, 2004,

gave Johnstown a limited right to develop a relationship with another supplier for post-Agreement purposes. The second amendment, entered December 6, 2004, extended the term of the Agreement to December 31, 2007.

According to the complaint, defendant knew of plaintiff's Agreement with Johnstown and knew the prices at which plaintiff agreed to sell the castings under that Agreement. Despite that knowledge, defendant actively solicited Johnstown to purchase castings from it during the term of the Agreement by offering prices. Johnstown began ordering castings from defendant, which has sold at least 3,884 sets of violating parts to Johnstown from June 2004 through November 2007.

## DISCUSSION

The complaint alleges that defendant tortiously interfered with the Agreement by inducing Johnstown to breach by purchasing parts from defendant. Defendant has moved to dismiss arguing that: (1) the claim is premature and not ripe; (2) plaintiff has failed to join a required party under Fed. R. Civ. P. 19; and (3) the complaint fails to state a claim for tortious interference with contract. All three arguments fail.

Defendant first argues that plaintiff's claim is not ripe because plaintiff is currently negotiating with Johnstown to settle plaintiff's potential breach of contract claim. According to defendant, if plaintiff is made whole by that settlement it would have sustained no damage resulting from defendant's actions. Therefore, defendant argues that plaintiff's claim against it is dependent upon the outcome of another lawsuit (plaintiff's potential lawsuit against Johnstown) and cannot come into existence until the action on which it is based is terminated. See Cipa Mfg. v. Allied Golf, 1995 WL 337022 (N.D. Ill. 1995). Defendant is incorrect.

A claim is not ripe when a critical element is contingent or unknown. Marusic Liquors, Inc. v. Daley, 55 F.3d 258, 260 (7th Cir. 1995). The elements of a claim for tortious interference with contract are: (1) the existence of a valid and enforceable contract between the plaintiff and another; (2) the defendant's awareness of the relationship between the plaintiff and another; (3) the defendant's intentional and unjustified inducement of a breach of a contract; (4) a breach of the contract caused by the defendant's wrongful acts; and (5) damage to the plaintiff. Fieldcrest Builders, Inc. v. Antonucci, 311 Ill.App.3d 597, 611 (1st Dist. 1999).

Nothing about plaintiff's claims against defendant rests on any future event that may or may not happen. Plaintiff has pled that Johnstown breached, and as part of its case against defendant will have to prove that Johnstown breached. It does not have to do that in a separate lawsuit against Johnstown. In fact, plaintiff may choose not to sue Johnstown at all, electing simply to proceed against defendant. Whether Johnstown breached between 2004 and 2007 by purchasing castings from defendant, however, is an event that has already occurred, proof of which is not contingent on any other litigation. If, as defendant asserts, plaintiff settles with Johnstown, or sues Johnstown in another court and recovers, then defendant may have a set-off from any damage award plaintiff may get against it. If plaintiff sues Johnstown for breach and loses, then defendant may have a defense against plaintiff's claim. But there is nothing that requires plaintiff to sue Johnstown, and indeed its claim against Johnstown, which sounds in contract, is totally separate from its tort claim against defendant. Accordingly, defendant's motion to dismiss under Fed. R. Civ. P. 12(b)(1) based on ripeness is denied.

Next, defendant argues that the complaint should be dismissed under Fed. R. Civ. P. 12(b)(7) for failure to join a party required under Fed. R. Civ. P. 19(b), which provides in relevant part:

> (1) Required Party.  A person who is subject to service of process and whose joinder would not deprive the court of subject matter jurisdiction must be joined as a party if:
>
> > (A) In that person's absence, the court cannot accord complete relief among the existing parties; or
> >
> > (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> >
> > > (i) as a practical matter impair or impede the person's ability to protect the interest; or
> > >
> > > (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

The purpose of Rule 19 it to "permit joinder of all materially interested parties to a single lawsuit so as to protect interested parties and avoid waste of judicial resources."  Davis Co's v. Emerald Casino, Inc., 268 F.3d 477, 481 (7th Cir. 2001).  Joinder is a two-step inquiry.  First, the court determines whether a party is one that should be joined if feasible (a "necessary party").  Id.; Fed. R. Civ. P. 19(A).  If the party should be joined but cannot be, then the court must decide if the litigation can proceed in that party's absence.  Id.; Fed. R. Civ. P. 19(B).

To determine whether Johnstown should be joined if feasible, the court considers whether: (1) complete relief can be afforded without joinder; (2) Johnstown claims an interest relating to the subject of the instant action protection of which will be impaired absent joinder; and (3) the existing parties would be subjected to a substantial risk of multiple or inconsistent obligations unless it is joined.  The answer to each of these questions reveals that Johnstown is not a "necessary party," and need not be joined.

4

Defendant argues that Johnstown has an interest in the case – defending plaintiff's claim that Johnstown breached the agreement. As plaintiff points out, however, Johnstown has made no claim to that interest, and may not care at all if defendant is found liable to plaintiff for tortious interference. That finding would in no way impair or impede Johnstown's ability to defend itself should plaintiff choose to sue it, nor could any judgment plaintiff receives against defendant in the instant case subject defendant (or Johnstown) to a substantial risk of multiple of inconsistent obligations, because Johnstown would not be bound by such a judgment. Therefore, the court concludes that Johnstown is not a necessary or party required to be joined.

Finally, defendant argues that the complaint fails to state a claim because it fails to allege that defendant's actions were wrongful. The purpose of a motion to dismiss for failure to state a claim is to test the sufficiency of a complaint not to decide the merits. Gibson v. Chicago, 910 F.2d 1510, 1529 (7th Cir. 1990). Federal notice pleading "requires only a short plain statement of the claim showing that the pleader is entitled to relief." Erickson v. Pardus, __ U.S. __ 127 S.Ct. 2197, 2200 (2007) (citing Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S.Ct. 1955 (2007)). Specific facts are not necessary and the statement need only give the defendant fair notice of what the claim is and the grounds on which it rests. Id. The factual allegations need only plausibly suggest that the plaintiff has a right to relief, raising the possibility above the speculative level. Bell Atlantic, 127 S.Ct. at 1965.

The instant complaint meets the requirements set forth above and sufficiently puts defendant on notice of plaintiff's claim. The complaint alleges all the elements of a tortious interference claim. In particular, the complaint alleges the Agreement, defendant's knowledge of the Agreement, the prices required under the Agreement, and that defendant actively induced

Johnstown to breach the Agreement and enter into a sales agreement with defendant.  Whether these allegations are true, or whether defendant has certain defenses to these claims (such as an additional Agreement or amendment as defendant suggests) are not before the court at this time.  The allegations of the complaint, taken as true, state a claim for tortious interference.

## CONCLUSION

For the reasons set forth above, defendant's motion to dismiss is denied.  Defendant is directed to answer the complaint on or before June 6, 2008.  The parties are directed to prepare and file a Joint Status Report using the court's form on or before June 6, 2008, and to appear for a report on status on June 10, 2008, at 9:00 a.m.  The status report previously set for May 21, 2008, is cancelled.

**ENTER:** May 13, 2008

_____
**Robert W. Gettleman**
**United States District Judge**