IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BRAL CORPORATION, | ) | Case No. 1:07-cv-07029 |
| | ) | |
| Plaintiff, | ) | Honorable Robert W. Gettleman |
| | ) | |
| vs. | ) | Magistrate Judge Denlow |
| | ) | |
| CMN COMPONENTS, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## JOINT STATUS REPORT

Pursuant to the Court's Minute Entry of May 13, 2008, and Order Setting Initial Status Report for Cases Assigned to Judge Gettleman, plaintiff Bral Corporation ("Bral") and defendant CMN Components, Inc. ("CMN") submit the following joint status report.

A. A status hearing in this action is set for June 10, 2008, at 9:00 a.m.

B. Attorneys of record. (1) For Bral, Richard P. Darke, Duane Morris LLP, 190 S. LaSalle Street, Suite 3700, Chicago, IL 60603, 312/499-6743; and (2) For CMN, James R. Dashiell, Dashiell Law Offices, LLC, 10 S. LaSalle, Suite 3500, Chicago, IL 60603, 312/920-9118.

C. Jurisdiction. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), in that this is a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

D. Jury demand. Trial by jury has been requested by both parties.

E. Nature of claims asserted. Bral alleges a claim for tortious interference with an exclusive supply agreement it had with Johnstown America Corporation ("Johnstown"). CMN alleges a counterclaim for tortious interference with prospective economic advantage for

improperly interfering with a business relationship it had with one of its critical suppliers, Ningbo Daming Precision Casting Co., Ltd. ("Daming"), rendering it impossible for several months for CMN to supply various parts to its customers, including providing the subject parts to Johnstown. This temporary elimination of competition with respect to the parts at issue enabled Bral to obtain the exclusive supply agreement at issue.

F.   Relief sought. Bral seeks compensatory and incidental damages from CMN in the amount of no less than $3,884,000.00 based on CMN's sale of at least 3,884 car sets to Johnstown during the term of the exclusive supply agreement. Bral also requests punitive damages in an amount to be determined. CMN seeks compensatory, incidental damages and punitive damages from Bral in amounts to be determined.

G.   Service of Process. The defendant has been served. While denying the material allegations of the complaint, the defendant may file a third-party complaint against Johnstown for fraudulent misrepresentation. It is anticipated that such a third-party action would be filed within the time provided in Federal Rule of Civil Procedure 14.

H.   Principal legal issues. Following discovery, there may be issues of whether there is a genuine issue of material fact with respect to any or all of the claims at issue. There may also be an issue of contract interpretation, but this depends on what is learned in discovery.

I.   Principal factual issues. CMN disputes whether CMN induced Johnstown to breach the exclusive supply agreement ("Agreement"). There are also questions of whether Bral took reasonable measures to mitigate its damages, whether CMN knew of the full scope of the Agreement terms or of Bral's prices charged to Johnstown, whether Bral properly fulfilled its contractual obligations under the Agreement, and whether or not some or all of the parts ordered from CMN by Johnstown were outside the scope of the Agreement.

It is anticipated that Bral may dispute some or all of the factual allegations in CMN's counterclaim.

J.   Anticipated motions. The parties anticipate filing a joint motion for entry of a protective order with respect to the production of confidential and proprietary business information.

K.   Discovery plan. The parties propose to complete all fact discovery, written and oral, by January 9, 2009. Per the Court's Standing Order, the parties expect to commence expert discovery by November 9, 2008, completing the same on or before January 30, 2009. The Plaintiff will designate its expert on or before November 7, 2008. Defendant will designate its expert witness, if any, 45 days thereafter, or on or before December 12, 2008. Any rebuttal experts will be disclosed on or before January 9, 2008. All expert depositions shall be completed on or before January 30, 2009. The parties have not engaged in any discovery as of today's date.

L.   Trial date and duration. The parties anticipate that they could proceed to trial in April 2009 and that such trial would last seven (7) days.

M.   Settlement discussions. No settlement discussions have occurred between the parties. Bral would consider engaging in mediation of this action after initial discovery is exchanged. CMN is willing to consider any reasonable means of alternative dispute resolution, including direct discussions between the parties and their counsel. Settlement discussions between Johnstown and Bral have been ongoing with respect to the alleged breach of the Agreement, which may impact the settlement possibilities of this case.

N.   Trial before a magistrate judge. The parties do not consent to trial before a magistrate judge at this time.

Dated: June 6, 2008

Respectfully Submitted By,

| BRAL CORPORATION | CMN COMPONENTS, INC. |
|---|---|
| By: /s/ Richard P. Darke<br>One of its Attorneys<br><br>Richard P. Darke (ARDC #6255810)<br>Duane Morris LLP<br>190 S. LaSalle St., Suite 3700<br>Chicago, IL 60603<br>(312) 499-6700<br>(312) 499-6701 (fax)<br>rpdarke@duanemorris.com<br><br>and<br><br>Mark A. Phillips (0047347)<br>mphillips@bfca.com<br>Tamara L. Karel (0078942)<br>tkarel@bfca.com<br>BENESCH, FRIEDLANDER,<br>  COPLAN & ARONOFF LLP<br>2300 BP Tower<br>200 Public Square<br>Cleveland, Ohio 44114<br>(216) 363-4500<br>(216) 363-4588 (fax) | BY: /s/ James R. Dashiell<br>One of its Attorneys<br><br>James R. Dashiell (ARDC #6182044)<br>Dashiell Law Offices LLC<br>10 S. LaSalle St. – Suite 3500<br>Chicago, IL 60603<br>312-920-9118<br>312-920-9122 (fax)<br>jdashiell@dashielllaw.com |

4