**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| BRAL CORPORATION, | ) | |
| | ) | |
| Plaintiff-Counterdefendant, | ) | CASE NO. 07 c 7029 |
| | ) | |
| vs. | ) | JUDGE GETTLEMAN |
| | ) | |
| CMN COMPONENTS, INC., | ) | MAGISTRATE JUDGE DENLOW |
| | ) | |
| Defendant-Counterplaintiff. | ) | |
| | ) | |

**BRAL'S ANSWER TO CMN'S COUNTERCLAIM**

Bral Corporation ("Bral"), answers the Counterclaim asserted by CMN Components, Inc.

("CMN") as follows:

1.     The parties to this Counterclaim and the grounds for jurisdiction and venue
are identical to those set forth in original complaint, and the allegations
pertaining to same are incorporated herein by reference.

**ANSWER:**     Bral admits the allegations contained in paragraph 1 of the Counterclaim.

2.     For over two years prior to April, 2004, CMN obtained parts for sale to
companies in the railcar and other industries from a certain foundry in
China, Ningbo Daming Precision Casting Co., Ltd. ("Daming").

**ANSWER:**     Bral is without knowledge or information sufficient to form a belief as to the truth

of the allegations contained in paragraph 2 of the Counterclaim and, therefore, denies such

allegations.

3.     During that same period of time, Bral also used Daming as a source of parts
to sell to Johnstown.

**ANSWER:**     Bral admits that Bral purchased parts for sale to Johnstown America Corporation

("Johnstown") from Ningbo Daming Precision Casting Co., Ltd. ("Daming") during the two

years prior to April 2004.  Bral denies the remaining allegations contained in paragraph 3 of the

Counterclaim.

4.      Upon information and belief, on or about February 29, 2004, Bral advised personnel at Daming that Johnstown was glad that Daming refused to produce patterns for CMN and that Johnstown did not trust Mr. Joe Nazimek, one of the principals of CMN, while knowing that above representations were false.

**ANSWER:**     Bral denies the allegations contained in paragraph 4 of the Counterclaim.

5.      Upon information and belief, on or about March 12, 2004, Bral advised Daming that Mr. Nazimek would lie on his visit to China and that CMN was without any warehouses, without any equipment, and without any knowledge of casting and machining or quality control, while knowing the above representations were false.

**ANSWER:**     Bral denies the allegations contained in paragraph 5 of the Counterclaim.

6.      The above representations were made to harm CMN and not for any legitimate business purpose.

**ANSWER:**     Bral denies the allegations contained in paragraph 6 of the Counterclaim.

7.      At the time of the above misrepresentations CMN had a growing business supplying parts to companies involved in the railcar and other industries, including Johnstown, relying exclusively on Daming as its casting supplier.

**ANSWER:**     Bral is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 7 of the Counterclaim that CMN had a growing business supplying parts to companies involved in the railcar and other industries, including Johnstown, relying exclusively on Daming as its casting supplier and, therefore, denies such allegation.  Bral denies the remaining allegations contained in paragraph 7 of the Counterclaim.

8.      As a consequence of the above misrepresentations, around March 28, 2004, Daming refused to fill an outstanding purchase order from CMN and refused do further business with CMN causing a serious disruption to CMN's business including loss of sales, substantial expense in developing additional sources for those parts that had been produced by Daming and for those subsequently ordered parts that could have been provided by Daming resulting in damages to CMN in excess of $75,000.  Among the parts that CMN was unable to supply until it was able to develop additional sources were the castings supplied to Johnstown described in Plaintiff's complaint as "Exclusive Parts."

**ANSWER:**     Bral denies the allegations contained in paragraph 8 of the Counterclaim.

**WHEREFORE,** Bral Corporation prays that this Court: (1)  deny any relief whatsoever to CMN and enter judgment on the Counterclaim in favor of Bral; (2)  award taxable costs in this action to Bral, including costs, expenses, and attorneys to the extent allowed; and (3)  grant Bral such other and further relief as the Court deems equitable and just, including, without limitation, the relief prayed for in Bral's complaint in this action.

## BRAL'S AFFIRMATIVE DEFENSES TO CMN'S COUNTERCLAIM

First Affirmative Defense

1.    CMN's claim is barred in that any statements that Bral may have made to Daming regarding CMN were true or believed to be true based upon information Bral was provided by Johnstown and, therefore, such conduct was justified and privileged as a matter of economic competition.

Second Affirmative Defense

2.    CMN's claim is barred because any damage that CMN may have sustained as a result of Daming's refusal to do further business with CMN was caused by third parties over whom Bral had no control.  On information and belief, Daming's refusal to do business with CMN, if such refusal occurred, was caused by and the result of statements and representations made by representatives of Johnstown and CMN regarding Johnstown's ability to obtain castings through CMN from competitors of Daming.

Third Affirmative Defense

3.    CMN's claim is barred because any damage CMN may have sustained as a result of Daming's refusal to do further business with CMN was not proximately caused by the alleged conduct of Bral.  On information and belief, Daming had decided not to accept any further purchase orders from CMN before February 29, 2004.

<u>Fourth Affirmative Defense</u>

4.      CMN's claim is barred because CMN could not have sustained any damages as a result of Daming's refusal to do further business with CMN in that, on information and belief, CMN had existing or potential relationships with other casting suppliers at the time Daming refused to accept purchase orders from CMN.

**WHEREFORE,** Bral Corporation prays that this Court: (1) deny any relief whatsoever to CMN and enter judgment on the Counterclaim in favor of Bral; (2) award taxable costs in this action to Bral, including costs, expenses, and attorneys to the extent allowed; and (3) grant Bral such other and further relief as the Court deems equitable and just, including, without limitation, the relief prayed for in Bral's complaint in this action.

**BRAL CORPORATION**

By: /s/ Richard P. Darke
One of its Attorneys

Richard P. Darke (ARDC #6255810)
rpdarke@duanemorris.com
Duane Morris LLP
190 S. LaSalle St., Suite 3700
Chicago, IL 60603
(312) 499-6700
(312) 499-6701 (fax)

and

Mark A. Phillips (0047347)
mphillips@bfca.com
Tamara L. Karel (0078942)
tkarel@bfca.com
BENESCH, FRIEDLANDER,
  COPLAN & ARONOFF LLP
2300 BP Tower
200 Public Square
Cleveland, Ohio  44114
(216) 363-4500
(216) 363-4588 (fax)

4

## CERTIFICATE OF FILING/SERVICE

I, Richard P. Darke, an attorney, certify that on June 26, 2008, I caused the foregoing document to be electronically filed with the Clerk of the Court, using the Court's CM/ECF system, which will send notice of the filing to the following CM/ECF participants:

James R. Dashiell
Dashiell Law Offices LLC
10 S. LaSalle St. – Suite 3500
Chicago, IL 60603
312-920-9118
jdashiell@dashielllaw.com

/s/ Richard P. Darke
Richard P. Darke (ARDC #6255810)
rpdarke@duanemorris.com
Duane Morris LLP
190 S. LaSalle St., Suite 3700
Chicago, IL 60603
(312) 499-6700
(312) 499-6701 (fax)

and

Mark A. Phillips (0047347)
mphillips@bfca.com
Tamara L. Karel (0078942)
tkarel@bfca.com
BENESCH, FRIEDLANDER,
   COPLAN & ARONOFF LLP
2300 BP Tower
200 Public Square
Cleveland, Ohio  44114
(216) 363-4500
(216) 363-4588 (fax)

*Counsel for Plaintiff, Bral Corporation*